**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2050
_____

UNITED STATES OF AMERICA

v.

MILTON MOSLEY,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-17-cr-00155-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 14, 2020
_____

Before:  CHAGARES, SCIRICA, and ROTH, Circuit Judges.

(Opinion filed: May 20, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Milton Mosley, the defendant, appeals from the District Court's judgment of conviction. Mosley contends that the District Court erred by failing to suppress the evidence seized at the time of his arrest. We disagree and will affirm.

I.

We write only for the parties and so recite just those facts necessary to our disposition. On January 4, 2017, two police officers, Darrin Bates and Nicholas Ishman, drove past 1925 Park Street in Harrisburg, Pennsylvania because of reported drug activity in the area. In front of that address, Officer Bates saw Mosley sitting in a parked car with a clear plastic bag on his lap. The bag appeared to contain a white substance that Officer Bates believed to be cocaine base, so the officers looped around the block and passed Mosley again. But the second time, neither officer saw the bag on Mosley's lap.

The officers parked and walked to Mosley's car. While Officer Bates was talking with Mosley on the driver side of the car, Officer Ishman smelled marijuana and saw a burnt marijuana roach in the ashtray from the passenger side. Officer Ishman informed Officer Bates of his observations, so Officer Bates bent down, and he smelled marijuana in the car, too.

Officer Bates asked Mosley to step out of the car and told him that he had seen what he believed to be cocaine base on Mosley's lap. Mosley responded that it was marijuana and handed Officer Bates a bag of marijuana from his pocket. Mosley then consented to Officer Bates' request to search his car, and during the search, Officer Bates found a handgun. When asked, Mosley told Officer Bates that he did not have a permit

2

to carry a weapon. Officer Ishman placed Mosley under arrest, searched his person incident to the arrest, and found a prescription bottle containing seven plastic bags of cocaine base.

A federal grand jury charged Mosley with possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841, possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). Before trial, Mosley moved to suppress all evidence seized at the time of his arrest, claiming violations of his Fourth Amendment rights. The District Court denied Mosley's motion.

Later, a jury found Mosley guilty of possession with the intent to distribute cocaine base and acquitted him on the other charges. After sentencing, Mosley timely appealed.

## II.

Mosley argues that the District Court erred in denying his pretrial motion to suppress the evidence gathered on January 4, 2017 because the stop, search of the car, and search of his person each violated the Fourth Amendment. We are not persuaded.[1]

At the outset, we assume without deciding that when the officers approached Mosley to question him, they stopped him. Still, that stop did not violate the Fourth Amendment. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. In an appeal challenging the denial of a motion to suppress, "the District Court's factual findings are reviewed for clear error and its legal determinations are subject to plenary review." United States v. Green, 897 F.3d 173, 178 (3d Cir. 2018).

investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." United States v. Torres, 534 F.3d 207, 210 (3d Cir. 2008) (quoting Illinois v. Wardlow, 528 U.S. 119, 123 (2000)). Here, the officers had reasonable suspicion to stop Mosley because, in an area with reported drug activity, Officer Bates observed what he believed to be cocaine base on Mosley's lap, and after the officers' first pass, Mosley removed the bag. See United States v. Whitfield, 634 F.3d 741, 744, 745 & n.3 (3d Cir. 2010) (concluding there was reasonable suspicion to justify a stop when an officer believed he saw a "closed fist hand-to-hand" drug exchange and a later "effort to conceal something" in a "high crime area where there's been drug transactions" (quotation marks omitted)).

Next, the search of Mosley's car did not violate the Fourth Amendment because Mosley freely consented to that search. See United States v. Murray, 821 F.3d 386, 391 (3d Cir. 2016) ("While the Fourth Amendment prohibits unreasonable searches and seizures, consent is an exception to the requirements of both a warrant and probable cause." (quotation marks and alteration omitted)). Although Mosley disputes that he consented, the District Court's finding to the contrary was not clearly erroneous.

Finally, the search of Mosley's person incident to his arrest did not violate the Fourth Amendment, either. By the time of that search, the officers had determined that Mosley possessed marijuana and that he had a handgun without a permit. The officers therefore had probable cause to arrest Mosley and to search his person incident to that arrest. See Arizona v. Gant, 556 U.S. 332, 338 (2009) ("Among the exceptions to the [Fourth Amendment's] warrant requirement is a search incident to a lawful arrest.").

III.

For these reasons, the District Court did not err in denying Mosley's motion to suppress. We therefore will affirm the judgment of conviction.